**COLONIAL BUILDING & LOAN ASS'N v. BELL et al.**

**No. 3181.**

Court of Civil Appeals of Texas. El Paso. April 18, 1935.

Rehearing Denied May 9, 1935.

T. M. Milam, of Fort Stockton, for appellant.

Silliman, Johnson & Crumpton, of Fort Stockton, for appellees.

WALTHALL, Justice.

Mrs. Georgia E. Bell, joined by her husband, J. R. Bell, as plaintiffs, brought this suit in the county court of Pecos county, against the Colonial Building & Loan Association, a private foreign corporation, defendant in the suit, to reform the applications for two certificates and to reform the two certificates, Nos. 2584 and 3023, issued on said applications, one purchased by Mrs. Bell from defendant and one certificate purchased from defendant by Mr. and Mrs. William E. Madden, and thereafter sold to Mr. Bell.

The application is dated January 2, 1928, and certifies that the applicant in the certificate is the record owner of the certificate bearing the number, issued by the Colonial Building & Loan Association; states the certificate value when matured; in consideration of the monthly payments prior to the 15th day of each month for a period of 168 months from the serial month, the association promises to pay to the certificate holder on surrender of the passbook the amount of money stated, $5,000. Second inside page is as follows: Class A—cash withdrawal loan and paid-up values computed upon $1,000 certificate. Then occurs over columns, the computations on $3.50 per month, 168 months; monthly payments, cash value, paid up value, etc. Then follows a statement of "privileges and conditions," under subdivision heads such as security, payments, loan values, suspension, and delinquency, cancellation and forfeiture, death of holder, designation of beneficiary, liquidation on withdrawals, no transfer of withdrawal, and withdrawal values.

Then follows a statement of the payment by Mrs. Bell on June 2, 1928, of ten payments of $17.50 each. We think to state the provisions of only such subdivisions as are material under the pleadings and facts submitted on the trial. Under subdivision "payments," pleaded by plaintiffs, provision is made as follows: "Extra payments made when no dues are in arrears shall draw interest at 6% per annum, compounded semi-annually, and with such interest be added to the withdrawal value hereby. Excess payment with such 5% interest may be withdrawn after six months on thirty days notice."

Plaintiffs having paid ten installments of $17.50, aggregating $175 in advance at the time of the purchase of said certificate, and Mr. and Mrs. Madden, on receipt of their certificate, having paid eight installments, aggregating $140, and plaintiffs allege that they and Mr. and Mrs. Madden made an agreement with defendant through its agents that they should have the right to withdraw said money at any time after notice, after the expiration of six months. Plaintiffs allege the giving of notice to withdraw said money with the interest, and refusal of defendant to pay same.

Plaintiffs allege that, without their knowledge or consent, the certificates have each been dated back from 1928 to 1927.

Defendant answered by the statute of limitations of two and four years, general and special exceptions, general denial, pleads the written application and the certificate, and that by mutual agreement in order to expedite and accelerate the maturity date of the certificate dated July 1, 1928, it was dated back to August 1, 1927, and provided that the next payment should be made July 1, 1928; defendant pleaded a provision in the application for the certificate which provides: "It is agreed that I have a withdrawal privilege at any time after eighteen months from date hereof, if eighteen installments have been paid thereon, in the way and manner provided in pass book and the conditions on the back of this application."

Defendant also pleaded a provision on the reverse side of the application which reads: "Payments in excess of the yearly payments in advance shall increase the cash withdrawal value in an amount equal to such payment and accumulated interest credited to such excess payment. Such excess payment may be applied to the installment payment when same shall become due."

It was agreed that the Madden application is identical with the foregoing Bell certificate except as to date and amount.

Defendant further pleaded a provision among the "privileges and conditions" which reads: "No transfer or withdrawal upon this certificate may be had when the holder is indebted to the Association."

The above provisions were put in evidence.

The case was tried with a jury and submitted upon special issues. The jury found: The application date for the purchase of the certificate, as signed by Mrs. Bell, was altered after she had signed it, from June 2, 1928, to August 1, 1927; plaintiffs discovered the alteration date in the application after January 26, 1932; plaintiffs were not negligent in not discovering the alteration earlier; the serial month date in the certificate was written as August 1, 1927, without the knowledge or consent of plaintiffs; plaintiffs discovered the month date in certificate No. 2584 (Mrs. Bell's) was written as August 1, 1927, after January 26, 1932; plaintiffs were not negligent in not discovering the change in the date earlier; the jury made the same findings as above to the Madden certificate.

Upon the verdict as rendered, the court entered judgment for plaintiff for the sum of $429.85, principal and interest.

■■ Appellant complains that the court erred in overruling their special exceptions. The record does not show that the court passed upon the exceptions, and for that reason we do not consider that proposition. The only proposition we think necessary to discuss is appellant's third proposition complaining of the action of the court in refusing to instruct the jury in its favor as requested in its motion. The evidence was amply sufficient to take the case to the jury whether the date of the instrument was changed both as to the month and the year they were executed.

Under the findings of the jury, which we think were supported by the evidence, a change had been made in the date of the contracts, without the knowledge or consent of the appellees, or the Maddens.

A change in the date of the contract by one party to the contract without the knowledge or consent of the other was a material change.

The evidence shows and the jury found that plaintiffs did not know of the change in the date of the instrument so as to make available the statutes of limitation pleaded by appellant.

■ Now plaintiffs did not ask that the transactions had in the purchase of the certificate be rescinded by reason of the change of the dates in the certificate, as plaintiff might have done [Occidental Life Insurance Company v. Jamora, 44 S.W.(2d) 808, 811], but did ask that the transactions be reformed so that the dates be as originally written. While the court did not reform the transactions as pleaded by any statement to that effect in the judgment, the court did enter judgment for plaintiffs on the jury's verdict. The court did not submit to the jury the issue tendered by plaintiffs in their pleading that defendant represented to plaintiffs and the Maddens, in effect, that they would have the right and privilege at any time thereafter of withdrawing the moneys paid in, with interest, upon notice. The court most likely considered the representations made as the construction, placed by defendant, on the portion of the certificate pleaded by plaintiffs.

While the matter at issue is somewhat confused by reason of what is above stated, we have concluded in view of the provision in the certificate pleaded by plaintiffs, and there being no dues in arrears at the end of the six months, and that notice of withdrawal had been given, and the court having permitted the withdrawal, that we may presume under the evidence in the record in favor of the judgment, that the court found the facts as to such representations which authorized the judgment entered.

We think there is no reversible error shown, and the case should be affirmed.

Affirmed.